**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4227

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

GREGORY ANTONIO PERSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg.  Joseph R. Goodwin, Chief District Judge.  (6:07-cr-00162-1)

Submitted:  August 22, 2008        Decided:  September 2, 2008

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Person pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and the district court sentenced him as a career offender to a 151-month term of imprisonment, at the bottom of the advisory guideline range. On appeal, counsel has filed an Anders[1] brief, noting that Person waived the right to appeal his sentence in the plea agreement and, thus, there are no meritorious issues for appeal. In the event this court invalidates the waiver, counsel asserts that Person's sentence is unreasonable because the career offender designation overstates the seriousness of Person's criminal history.[2] The Government has moved to dismiss the appeal based upon Person's waiver of appellate rights. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151

---

[1]Anders v. California, 386 U.S. 738 (1967).

[2]Person has filed a pro se supplemental brief. To the extent he asserts that counsel provided ineffective assistance, we decline to review those claims on direct appeal. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (providing standard). We also reject Person's remaining pro se claims.

(4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Person knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issues raised on appeal fall within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Person's conviction that may be revealed by our review pursuant to Anders. Our review of the transcript of the plea colloquy leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Person's guilty plea and that any omissions did not affect his substantial rights. The district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we deny, in part, the Government's motion to dismiss and affirm the conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Person's conviction and

3

dismiss the appeal of his sentence. This court requires that counsel inform the client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART